UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV381 RLW |
| | ) | |
| WILMA M. PENNINGTON-THURMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Appointment of Counsel, filed on February 27, 2015 (ECF No. 4).

With respect to Defendant's Motion for Appointment of Counsel, there is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the defendant has presented non-frivolous arguments, whether the defendant will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the defendant's defenses, and whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering Defendant's Motion for Appointment of Counsel, in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Wilma M. Pennington-Thurman indicate that she is capable of presenting the facts and legal issues without the assistance of counsel. Defendant's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Appointment of Counsel [ECF No. 4] is **DENIED**, without prejudice.

Dated this 17th day of March, 2015.

/s/ Ronnie L. White
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE