UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BANK OF AMERICA,

    Plaintiff,

v.

WILMA PENNINGTON-THURMAN,

    Defendant.

No. 4:15-CV-381 RLW

## MEMORANDUM AND ORDER

This matter is before the Court on Millsap & Singer, P.C.'s Motion for Remand (ECF No. 18) and Plaintiff Bank of America's Motion to Remand (ECF No. 21). The motions for remand have been fully briefed and are ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy. *Cent.*

*Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009); *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009). "Where ... the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party ... must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Green v. Dial Corp.,* No. 4:11–CV–1635 (AGF), 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell,* 557 F.3d at 956).

## BACKGROUND

On March 29, 2001, Defendant Wilma Pennington-Thurman ("Thurman") executed a Deed of Trust to secure repayment of a debt, for the property commonly known as 8722 Partridge Avenue, St. Louis, MO 63147 (the "Property"). (ECF No. 21, ¶11). Thurman defaulted on her indebtedness secured by the Deed of Trust. On November 13, 2014, the Property was conveyed to Federal Home Loan Mortgage Corporation ("FHLMC") by Trustee's Deed Under Foreclosure. (ECF No. 21, ¶2). On November 3, 2014, Thurman filed an action for unlawful and fraudulent foreclosure against Bank of America, N.A. ("Bank of America") and Millsap and Singer P.C. ("Millsap") in the Circuit Court of the City of St. Louis, Missouri, case number 1422-CC09976. (ECF No. 21, ¶3). On January 21, 2015, FHLMC filed an action for unlawful detainer following a foreclosure against Thurman in the Circuit Court of St. Louis City, Missouri, case number 1522-AC000946. (ECF No. 21, ¶4).

Thurman filed a Notice of Removal on February 27, 2015. In that Notice, Thurman cites to Circuit of the City of St. Louis case number 1422-CC09976, and the Notice is styled: *Wilma Pennington-Thurman v. Bank of America, N.A., Millsap & Singer, P.C., and Federal Home Loan Mortgage Corporation* (the "Wrongful Foreclosure case"). (ECF No. 1) Attached to that Notice are pleadings from Circuit Court of the City of St. Louis case number 1522-AC00946, styled *Federal Home Loan Mortgage Corporation v. Wilma Pennington-Thurman, John Doe, and Mary Roe* (the "Unlawful Detainer case"). Thurman then filed a second Notice of Removal on March 3, 2015, which states in the style of the case "Case to be transferred: 1522-AC00946." (ECF No. 8). That same date, Thurman also filed a "Notice to Plaintiff of Removal of Case 1522-AC000946 From Twenty-Second Judicial Circuit Court St. Louis [sic] to United States District Court Eastern District." (ECF No. 7). In the body of her Notices of Removal, Thurman references the Wrongful Foreclosure case, but in the last line of her Notice of Removal, she alleges that she is being threatened by "adverse government action with this unlawful detainer." (ECF Nos. 1, 8).

On March 20, 2015, Thurman filed two Motions: 1) Rule 57 Motion for Declaratory Judgment (ECF No. 15), and 2) Rule 1367(a) Motion for Supplemental Jurisdiction (ECF No. 16).

### DISCUSSION

It appears that Thurman is attempting to consolidate or remove two separate cases from the Circuit Court of the City of St. Louis. One of those cases, the Wrongful Foreclosure case was originally filed in the City of St. Louis by Thurman for "unlawful foreclosure" against Millsap, Bank of America, and Bryan Cave, LLP (Bryan Cave). The other is the Unlawful

Detainer case brought by Federal Home Loan Mortgage Corporation ("FHLMC") against Thurman.

In its Motion for Remand, Millsap points out that there is not complete diversity of citizenship between Thurman and Millsap, Bank of America, and Bryan Cave as to the Wrongful Foreclosure action. Millsap and Thurman are both residents of Missouri. (ECF No. 18 at 4). Therefore, there cannot be diversity jurisdiction as to the Wrongful Foreclosure action. (*Id.*; *see also* ECF No. 22 (Bank of America also pointing out the lack of diversity of citizenship)). However, the only parties to the Unlawful Detainer action are FHLMC and Thurman. Diversity of citizenship exists in the Unlawful Detainer action, City of St. Louis case number 1522-AC00946. Thus, the only case that possibly can be removed is the Unlawful Detainer action.

Millsap argues that the Unlawful Detainer action does not have damages exceeding $75,000 and, therefore, this Court cannot have diversity jurisdiction over that action. Millsap points out that the petition in the Unlawful Detainer case, which is attached to Thurman's Notice of Removal at ECF No. 1-1, states that the value of the monthly rents and profits of the Property is $500. (ECF No. 18 at 5; *see also* ECF No. 22 at 3). The Unlawful Detainer Petition also indicates that the foreclosure occurred on November 13, 2014. Four months of rent at $500 per month is $2000. Actions for unlawful detainer require entry of judgment for double the amount of damages found to have been sustained by an unlawful detainer plaintiff based upon the sum determined to be the reasonable monthly rental value of the property. §534.330, R.S. Mo. Pursuant to §534.330, R.S. Mo., the $2,000 in damages is doubled for a total of $4,000. Millsap contends that the $4,000 is "nowhere near exceeding $75,000" and Thurman has failed to meet her burden of showing that this Court can exercise jurisdiction over her Unlawful Detainer case. (ECF No. 18 at 5). Further, Millsap maintains that consolidation of Thurman's Wrongful

Foreclosure and Unlawful Foreclosure actions are not permitted under Missouri law. *See Wells Fargo Bank, N.A. v Smith*, 392 S.W.3d 446, 461 (Mo. 2013).

In response, Thurman contends that there is diversity of citizenship because Bank of America Corporation is a North Carolina corporation. (ECF No. 34 at 2). Thurman also claims that the amount at issue exceeds $75,000 because the value of the real property is listed as $79,497 on the bankruptcy schedule. (ECF No. 34 at 2).[1]

As an initial matter, the Court agrees that the Wrongful Foreclosure action does not have diversity of citizenship. Therefore, the Court need only address whether there Thurman has met her burden to demonstrate the amount in controversy exceeds $75,000 for the Unlawful Detainer case. *See Cent. Iowa Power Co-op.*, 561 F.3d at 912.

"To prevail in an unlawful detainer action, a plaintiff must demonstrate (1) that the property was purchased at a foreclosure sale, (2) the defendant received notice of the foreclosure, and (3) the defendant refused to surrender possession of the property. *Fed. Nat. Mortgage Ass'n. v. Wilson*, 409 S.W.3d 490, 495 (Mo. Ct. App. 2013)(citing *US Bank v. Watson*, 388 S.W.3d 233, 236 (Mo. App. E.D. 2012); *JP Morgan Chase Bank v. Tate*, 279 S.W.3d 236, 239 (Mo. App. E.D. 2009)). "The sole issue in an unlawful detainer action is the immediate right of possession." *Leve v. Delph*, 710 S.W.2d 389, 391 (Mo. Ct. App. 1986). "Damages for rents in an unlawful detainer action may be assessed from the date on which the party becomes entitled to possession of the premises." *Gordon v. Williams*, 986 S.W.2d 470, 474 (Mo. Ct. App. 1998). For unlawful detainer actions, "issues relating to title or matters of equity could not be interposed as a defense or as a counterclaim." *Meier v. Thorpe*, 822 S.W.2d 556, 559 (Mo. Ct. App. 1992)

---

[1] Thurman does not seem to contend that there is federal question jurisdiction pursuant to 28 U.S.C. §1331. Therefore, the Court does not address any argument related to federal question jurisdiction.

(citing *Leve*, 710 S.W. 2d at 391-92); *see also* §534.210, R.S. Mo. ("The merits of the title shall in nowise be inquired into, on any complaint" for unlawful detainer.); *Fed. Nat. Mortgage Ass'n. v. Wilson*, 409 S.W.3d 490, 495 (Mo. Ct. App. 2013) (an action for unlawful detainer "does not address questions of ownership or the validity of title").

Accordingly to the pleadings attached to Thurman's Notice of Removal, the Unlawful Detainer action seeks to recover rents in the amount of $500 per month. Millsap has demonstrated that the amount at issue, pursuant to §534.330, R.S. Mo., is at most $4,000, which is clearly below the jurisdictional amount for a diversity action. Therefore, the Court holds that the amount in controversy has not been met for the Unlawful Detainer action.

Finally, the Court holds that the Unlawful Detainer and the Wrongful Foreclosure actions cannot be consolidated for purposes of removal. "Unlawful detainer proceedings are summary in nature and the ordinary rules and proceedings of other civil actions do not apply." *Fannie Mae v. Truong*, 361 S.W.3d 400, 404-05 (Mo. 2012)(citing *S & P Properties v. Bannister*, 292 S.W.3d 404, 408 (Mo. App. E.D. 2009); *Lake in the Woods Apartment v. Carson*, 651 S.W.2d 556, 558 (Mo. App. E.D. 1983)). Rather, "[a]n action for unlawful detainer is a limited statutory action where the sole issue to be decided is the immediate right of possession to a parcel of real property. *Fed. Nat. Mortgage Ass'n. v. Wilson*, 409 S.W.3d 490, 495 (Mo. Ct. App. 2013) (citing *US Bank v. Watson*, 388 S.W.3d 233, 234–35 (Mo. App. E.D. 2012)). As noted in *Leve v. Delph*,

> [T]he unlawful detainer statute is an exclusive and special code to which the ordinary rules and proceedings of other civil actions do not apply. The sole issue in an unlawful detainer action is the immediate right of possession. Issues relating to title or matters of equity, such as mistake, estoppel and waiver cannot be interposed as a defense. It is generally held that counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. Missouri statutes do not so permit.... Action for unlawful detainer is a possessory action only, and mere equitable rights or interests which

defendants think themselves entitled to cannot be set up therein. To permit defendants to assert an equitable defense would defeat the purpose behind an unlawful detainer action.

710 S.W.2d at 391-92. The Missouri Supreme Court further emphasized the proper litigation avenues for homeowners who believe they are victims of wrongful foreclosure and the limited nature of an unlawful detainer action under Missouri statute:

> As a result of this statutory limitation on the substantive scope of unlawful detainer actions, homeowners who believe their foreclosures are improper must act to protect themselves if they do not want to lose possession of their home. They must either: (1) sue to enjoin the foreclosure sale from occurring, or (2) if the sale has occurred and the buyer has sued for unlawful detainer, bring a separate action challenging the foreclosure purchaser's title and seek a stay of the unlawful detainer action in that separate case.

*Wells Fargo Bank, N.A. v Smith*, 392 S.W.3d 446, 461 (Mo. 2013). Thus, under clear Missouri precedent Thurman cannot consolidate her Unlawful Detainer and Wrongful Foreclosure actions into one federal action. Consolidation undermines the "special summary nature" and purpose of an unlawful detainer action because it would muddy the "sole issue" in an unlawful detainer, which is possession. *Leve*, 710 S.W. 2d at 391. Therefore, the Court declines to allow consolidation of Thurman's Unlawful Detainer and Wrongful Foreclosure actions.

Because the Court lacks federal jurisdiction over neither the Unlawful Detainer nor the Wrongful Foreclosure actions, the Court remands these actions to the Circuit Court of the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that Millsap & Singer, P.C.'s Motion for Remand (ECF No. 18) and Plaintiff's Motion to Remand (ECF No. 21) are **GRANTED**. This matter shall be remanded to the Twenty-Second Circuit of Missouri in City of St. Louis, Missouri for further proceedings. An appropriate Order of Remand is filed herewith.

Dated this 17th day of September, 2015.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE